UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO.:

KEVIN RODRIGUEZ,

    Plaintiff,

v.

ISLAND HOME BUILDERS INC.,
KEYS HOME INVESTMENTS INC.,
DON C. MILLER and DANNY GALVAN,

    Defendants.
_____/

## C O M P L A I N T

Plaintiff, KEVIN RODRIGUEZ, by and through the undersigned counsel, Todd W. Shulby, P.A., sues the Defendants, ISLAND HOME BUILDERS INC., KEYS HOME INVESTMENTS INC., DON C. MILLER and DANNY GALVAN, and alleges as follows:

1. Plaintiff brings this action against Defendants to recover unpaid wages, compensation and damages.

2. Jurisdiction is conferred on this Court by Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1343.

3. The unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff has been a citizen and resident of this judicial district and within the jurisdiction of this Court.

5. At all times material hereto, ISLAND HOME BUILDERS INC. was Plaintiff's employer as defined by law and a corporation conducting business in this judicial district.

6. At all times material hereto ISLAND HOME BUILDERS INC. had employees engaged in interstate commerce or in the production of goods for interstate commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for interstate commerce by a person. 29 U.S.C. §203.

7. At all times material hereto, ISLAND HOME BUILDERS INC., upon information and belief, had revenue in excess of $500,000.00 per annum.

8. At all times material hereto, KEYS HOME INVESTMENTS INC. was Plaintiff's employer as defined by law and a corporation conducting business in this judicial district.

9. At all times material hereto KEYS HOME INVESTMENTS INC. had employees engaged in interstate commerce or in the production of goods for interstate commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for interstate commerce by a person. 29 U.S.C. §203.

10. At all times material hereto, KEYS HOME INVESTMENTS INC., upon information and belief, had revenue in excess of $500,000.00 per annum.

11. At all times material hereto, DON C. MILLER was Plaintiff's employer as defined by law. DON C. MILLER had operational control over Plaintiff's corporate employer and was directly involved in decisions affecting employee compensation and hours worked by employees. Moreover, DON C. MILLER controlled the finances for Plaintiff's corporate employer.

12. At all times material hereto, DANNY GALVIN was Plaintiff's employer as defined by law. DANNY GALVIN had operational control over Plaintiff's corporate employer and was directly involved in decisions affecting employee compensation and hours worked by employees. Moreover, DANNY GALVIN controlled the finances for Plaintiff's corporate employer.

13. At all times material hereto, Plaintiff was individually engaged in interstate commerce while working for Defendants.

## COUNT I: FLSA RECOVERY OF OVERTIME WAGES

14. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 13 above.

15. Plaintiff Kevin Rodriguez worked for Defendants within the past three years preceding this action.

16. Plaintiff worked for Defendants as construction general laborer.

17. Plaintiffs primary duties and responsibilities included finishing modular homes on stilts.

18. Plaintiff was paid at a rate of $20.00 per hour up to $28.00 per hour.

19. Plaintiff was entitled to time and one-half Plaintiff's regular rate of pay for hours worked over 40 hours per week.

20. During one or more workweeks, Defendants did not pay Plaintiff time and one-half Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

21. Defendants knew or should have known of the unpaid and/or underpaid overtime hours worked.

22. Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207.

23. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

24. Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and demands a trial by jury for all issues so triable.

## TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

## NOTICE OF CONSENT TO JOIN

I, KEVIN RODRIGUEZ, hereby consents, pursuant to 29 U.S.C. §216(b), to become a party Plaintiff in this action and to be represented by Todd W. Shulby, P.A., pursuant to the terms of the Attorney/Client Agreement and Notice of Attorney's Fees and Costs Lien and Limitation of Client's Right to Settle. I further declare that the foregoing allegations are true and correct to the best of my knowledge and belief.

*Kevin Rodriguez*
KEVIN RODRIGUEZ, Plaintiff

5/29/19
DATE

Respectfully submitted,

TODD W. SHULBY, P.A.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone No.: (954) 530-2236
Facsimile No.: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Plaintiff

By:     */s/ Todd W. Shulby, Esq.*
        Todd W. Shulby, Esq.
        Florida Bar No.: 068365