UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-10098-CIV-MARTINEZ/AOR

KEVIN RODRIGUEZ,

    Plaintiff,

v.

ISLAND HOME BUILDERS, INC.,
KEYS HOME INVESTMENTS, INC.,
DON C. MILLER and DANNY GALVAN,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon the following submissions:

1. Plaintiff Kevin Rodriguez's ("Plaintiff") Bill of Costs [D.E. 41]; and
2. Plaintiff's Verified Motion for Fees and Costs [D.E. 42].

(together, "Motion for Fees and Costs"). These matters were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 47]. For the reasons stated below, the undersigned respectfully recommends that Plaintiff's Motion for Fees and Costs be GRANTED IN PART and DENIED IN PART.

## PROCEDURAL AND FACTUAL BACKGROUND

On June 11, 2019, Plaintiff filed a one-count Complaint [D.E. 1] against his former employers, Defendants Island Home Builders, Inc., Keys Home Investments, Inc., Don C. Miller, and Danny Galvan (collectively, "Defendants"), alleging violations the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–19 ("FLSA"). See Complaint [D.E. 1]. On June 14, 2019, the Court issued its Notice of Court Practices in FLSA Cases [D.E. 5] and ordered Plaintiff to file a statement

of claim "setting forth the amount of alleged unpaid wages, the calculation of such wages, and the nature of the wages (e.g. overtime or regular)" relating to this action. See Notice of Court Practices in FLSA Cases [D.E. 5].

On July 3, 2019, Plaintiff filed his FLSA Statement of Claim [D.E. 10], wherein he presented the following calculations of overtime wages allegedly owed to him:

> Dates of Employment:
> DOH: September 15, 2016
> DOT: December 19, 2018
> Total: 117 weeks, 6 days
>
> ***
>
> Overtime Hours:
> Average hours per week – 56
> Average overtime hours per week – 16
>
> Calculations:
> Plaintiff needs discovery into the hourly rate Plaintiff was paid during his employment. Plaintiff needs this information in order to multiply the number of overtime hours during each week by the "half-time" overtime hourly rate earned during that pay period.

See FLSA Statement of Claim [D.E. 10]. Applying these figures, the value of Plaintiff's FLSA claim was between $37,440.00 and $52,416.00.[1]

On January 6, 2020, Plaintiff filed an Amended Complaint [D.E. 33] where, in addition to his original FLSA claim, he asserted a second count against Defendants alleging that they had violated 26 U.S.C. § 7434 (hereafter, "Section 7434") by "willfully and intentionally serv[ing]/fil[ing]/provid[ing] Plaintiff and the IRS with a fraudulent and/or false information return in calendar years 2016, 2017 and/or 2018 by not including cash payments made to Plaintiff in those years on Plaintiff's IRS W-2 forms." See Amended Complaint [D.E. 33 ¶ 30]. Section 7434 provides for a minimum statutory award of $5,000 per violation. See 26 U.S.C. § 7434(b). By

---

[1] These figures are based on two hourly rates proposed by Plaintiff of $20.00 and $28.00, respectively.

2

adding the Section 7434 claim to his Amended Complaint, Plaintiff increased the potential value of this action by at least $15,000.00. Id; see also Pitcher v. Waldman, No. 11-CV-148, 2014 WL 1302551, at *10 (S.D. Ohio 2014) (imposing the $5,000 statutory penalty for each violation of Section 7434).

On February 10, 2020, Defendants served Plaintiff with an Offer of Judgment, pursuant to Fed. R. Civ. P. 68, to settle this action in its entirety for the amount of $5,000.00—excluding any reasonable attorney's fees and costs, "which [would] be determined by the Court upon timely motion." See Offer of Judgment [D.E. 38-1]. Plaintiff accepted Defendants' Offer of Judgment on February 11, 2020, and requested that the Court "reserv[e] jurisdiction for a determination of Plaintiff's reasonable attorney's fees and costs." See Plaintiff's Notice of Acceptance of Offer of Judgment [D.E. 38]. On February 12, 2020, the Court entered Final Judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $5,000.00 and stated that it would "determine the amount of reasonable attorneys' fees and costs to be awarded to Plaintiff if the parties [were] unable to come to an agreement on such amount, and only when presented with a motion to that effect, filed in accordance with S.D. Fla. Local Rule 7.3." See Final Judgment [D.E. 40].

On March 13, 2020, Plaintiff filed his Verified Motion for Attorney's Fees and Costs, which he supplemented on May 10, 2020, seeking a total of $33,425.00 in attorney's fees for work performed by his counsel, Todd. W. Shulby, Esq. ("Attorney Shulby"). See Verified Motion for Attorney's Fees and Costs [D.E. 42]; Plaintiff's Supplement to Motion for Attorney's Fees and Costs [D.E. 56]. On that same date, Plaintiff filed his Bill of Costs, which he amended on March 16, 2020, seeking $1,540.00 in taxable costs. See Bill of Costs [D.E. 41]; Plaintiff's Notice of Filing Amended Bill of Costs [D.E. 43].

## DISCUSSION

### 1. Entitlement to Attorney's Fees and Costs

As the prevailing party in this matter, Plaintiff is entitled to recover attorney's fees and costs under 29 U.S.C. § 216(b) (hereafter, "Section 216(b)").  See Nicaty v. Smarkusky, No. 18-CV-63113, 2019 WL 2568838, at *2 (S.D. Fla. 2019) ("Under Section 216(b), an employee may recover 'a reasonable attorney's fee to be paid by the defendant, and costs of the action.'") (quoting 29 U.S.C. § 216(b)).

### 2. Defendants' non-compliance with Local Rule 7.3

Plaintiff argues that Defendants waived any objections to the hourly rates and hours claimed to have been expended in the Motion for Fees and Costs because they failed to comply with the requirements of S.D. Fla. L.R. 7.3(a)&(b) (hereafter, "Local Rule 7.3(a)" and "Local Rule 7.3(b)" respectively).  See Plaintiff's Reply in Support of Motion for Fees and Costs (hereafter, "Reply") [D.E. 52 at 1–7].

Local Rule 7.3(a) states, in pertinent part:

> Within fourteen (14) days after filing and service of the motion [for an award of attorneys' fees], the respondent shall describe with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority.  If a party objects to an hourly rate, its counsel must submit an affidavit giving its firm's hourly rates for the matter and include any contingency, partial contingency, or other arrangements that could change the effective hourly rate.

S.D. Fla. L.R. 7.3(a).  Local Rule 7.3(b) provides:

> Except as to any aspect of a fee claim upon which the parties agree, a draft motion compliant with Local Rule 7.3(a)(1)–(8) must be served but not filed at least thirty (30) days prior to the deadline for filing any motion for attorneys' fees and/or costs that is governed by this Local Rule.  Within twenty-one (21) days of service of the draft motion, the parties shall confer and attempt in good faith to agree on entitlement to and the amount of fees and expenses not taxable under 28 U.S.C. § 1920.  The respondent shall describe in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of

> entitlement and as to amount, and shall provide supporting legal authority. If a federal statute provides a deadline of fewer than sixty (60) days for a motion governed by Local Rule 7.3(a), the parties need not comply with this paragraph's requirements.

S.D. Fla. L.R. 7.3(b) (emphasis added).

Notwithstanding their non-compliance with Local Rule 7.3(a)&(b), Defendants filed their Response in Opposition to Plaintiff's Motion for Fees and Costs (hereafter, "Response") [D.E. 48] stating that their lead counsel charged an hourly rate of $300.00 for work performed in this action, and setting forth their specific objections to Plaintiff's time entries. See Response [D.E. 48 at 3 n.1, 5–7]; Table of Plaintiff's Time Entries with Defendants' Objections [D.E. 48-1]. Given this detailed submission and the parties' agreement that the Court would determine the reasonableness of any attorney's fees or costs requested by Plaintiff, the undersigned will consider Defendants' objections in making this reasonableness determination.

### 3. Calculation of Attorney's Fees

Plaintiff requests a total of $33,425.00 in attorney's fees for 95.5 hours of work performed by Attorney Shulby at a rate of $350.00 per hour. See Verified Motion for Attorney's Fees and Costs [D.E. 42]; Plaintiff's Supplement to Motion for Attorney's Fees and Costs [D.E. 56].

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The product of this calculation is known as the lodestar. Key W. Tourist Dev. Ass'n v. Zazzle, Inc., No. 10-CV-10100, 2013 WL 12248141, at *5 (S.D. Fla. 2013).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d

1292, 1303 (11th Cir. 1988). However, the "[C]ourt . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id. (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

A. *Reasonable Hourly Rate*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299 (citing Blum v. Stenson, 465 U.S. 886, 895–96 (1984)). "The party seeking attorney's fees bears the burden of producing 'satisfactory evidence that the requested rate is in line with prevailing market rates.'" Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299). "Satisfactory evidence may . . . include citations to prior precedents showing reasonable rate adjudications for the fee applicant, for comparable attorneys, or for comparable cases." Dan Van Tran v. City of Miami, No. 05-CV-21206, 2007 WL 9754448, at *4 (S.D. Fla. 2007).

In support of his requested hourly rate of $350.00, Attorney Shulby submitted a declaration stating that he has: been licensed to practice law since 1995; litigated hundreds of civil rights actions; and conducted 15 jury trials in federal court, 4 of which were unpaid wage cases. See Unsworn Declaration of Todd W. Shulby Pursuant to 28 U.S.C. Section 1746 [D.E. 42-2]. Additionally, Attorney Shulby cites to FLSA cases in this district where an hourly rate of $350.00 was deemed reasonable for attorneys of similar experience. See Verified Motion for Fees and Costs [D.E. 42 at 3–6].

Defendants argue that Attorney Shulby should be awarded an hourly rate of $300.00 because: (1) that is what he charges when retained as a defense attorney; and (2) "while the hourly

6

rate of $350.00 has been found to be reasonable in other instances involving other attorneys, in FLSA cases where the fee award was contested, Florida courts have recently allowed hourly rates ranging from $250 to $325 per hour for experienced attorneys." See Response [D.E. 48 at 4] (emphasis removed).

Based on the undersigned's own experience and knowledge that courts in this district have found an hourly rate of $350.00 to be reasonable for lead counsel in FLSA cases, the undersigned concludes that the hourly rate sought by Attorney Shulby is reasonable and appropriate for an attorney of his experience.  Norman, 836 F.2d at 1292; see also Gonzalez v. Batmasian, No. 16-CV-81696, 2017 WL 11532266, at *3 (S.D. Fla. 2017) (Middlebrooks, J.) ("My own survey of cases in this district suggests that, in recent years, courts have found that $350.00 is a reasonable hourly rate for lead counsel in FLSA cases.") (citing Asbun v. Resende, No. 15-CV-61370, 2016 WL 7635459, at *7 (S.D. Fla. 2016); Vazquez v. 1052 LLC, No. 15-CV-22677, 2016 WL 541432, at *2 (S.D. Fla. 2016); Fiedler v. Anglin's Beach Cafe, LLC, No. 15-CV-60989, 2017 WL 1278632, at *1 (S.D. Fla. 2017); Gabon v. Kairos Logistics, Inc., No. 16-CV-81523, 2016 WL 6594087, at *4 (S.D. Fla. 2016)).

### B. *Number of Hours Expended*

Having determined the reasonableness of the hourly rate, the undersigned must determine whether the hours expended are reasonable.  "Again, a fee applicant bears the burden of documenting the appropriate hours expended so that the Court may properly assess the time claimed for each activity."  BASF Corp. v. Collision One, Inc., No. 09-CV-60328, 2010 WL 1797750, at *2 (S.D. Fla. 2010) (citing Hensley, 461 U.S. at 433).

"Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate

7

amount is awarded." Am. Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999). "The district court . . . should exclude from this initial fee calculation hours that were not 'reasonably expended.'" Hensley, 461 U.S. at 434. "In ascertaining the number of hours reasonably expended on the litigation, the district court should exclude any excessive, redundant, or otherwise unnecessary hours from the amount claimed. [T]he hours excluded are those that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." Domond v. PeopleNetwork APS, 750 F. App'x 844, 848 (11th Cir. 2018) (citations and quotations omitted) (alteration in original).

"When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008) (citing Loranger, 10 F.3d at 783). An across-the-board adjustment may be employed when the billing records are voluminous, and is "often preferable so as to avoid the 'pick and shovel work' of pouring through voluminous billing records." Yellow Pages Photos, Inc. v. Ziplocal, LP, No. 12-CV-755, 2017 WL 3393569, at *4 (M.D. Fla. 2017) (citing Bivins, 548 F.3d at 1350); Cornett v. Lender Processing Servs., Inc., No. 12-CV-233, 2013 WL 6643873, at *5 (M.D. Fla. 2013) (citing Loranger, 10 F.3d at 783). When engaging in an across-the-board analysis, "it is sufficient for the court to provide a concise but clear explanation of its reasons for the reduction." Loranger, 10 F.3d at 783.

Defendants argue that the 95.5 hours claimed by Plaintiff should be reduced by 35.6 hours, which amounts to a 37% reduction, because Attorney Shulby engaged in "reckless and callous billing practices." See Response [D.E. 48 at 5–7]; Table of Plaintiff's Time Entries with Defendants' Objections [D.E. 48-1].

8

Having reviewed Attorney Shulby's time entries, the undersigned finds that the hours claimed are unreasonably excessive given the limited amount of substantive work performed in this case, namely: drafting the Complaint; responding to Defendants' Motion to Dismiss; drafting the Amended Complaint; engaging in written discovery and three depositions; and litigating the Motion for Fees and Costs. See Statement of Attorney's Fees, Litigation Costs & Expenses [D.E. 42-1]; Supplement to Statement of Attorney's Fees, Litigation Costs & Expenses [D.E. 56-1]. Therefore, the undersigned finds that a 37% across-the-board reduction to the 95.5 hours requested, for an adjusted total of 60 hours, is appropriate. Yellow Pages Photos, Inc., 2017 WL 3393569, at *4; Cornett, 2013 WL 6643873, at *5; see also Capdevila v. S. Miami Rehab., Inc., No. 11-CV-24005, 2012 WL 13134212, at *2 (S.D. Fla. 2012) (citing Norman, 836 F.2d at 1303) ("As in the analysis of reasonable hourly rates, the Court is presumed to be an expert in reviewing the number of hours expended on litigation for the purpose of attorney's fees."). This results in the following lodestar:

| Timekeeper | Hours | Rate ($/hour) | Lodestar ($) |
|---|---|---|---|
| Attorney Shulby | 60 | 350.00 | 21,000.00 |

C. *Downward Adjustment*

"After the lodestar is determined the court must next consider the necessity of an adjustment for results obtained. If the result was partial or limited success, the lodestar must be reduced to an amount that is not excessive." Norman, 836 F.2d at 1302 (citing Hensley, 461 U.S. at 436–37) (alterations omitted).

Defendants request a 30% reduction of the lodestar because Plaintiff achieved limited success in this action. See Response [D.E. 48 at 7–8]. Defendants argue that:

> [Plaintiff] filed an inflated statement of claim (for $37,440.00 – 52,416.00) only to, later, further inflate it by $15,000.00 for the alleged three violations of 26 U.S.C.

9

>§7434 added in the Amended Complaint. The value of the case was, in reality, no greater than the $5,000.00 Plaintiff accepted immediately upon receipt of the Offer of Judgment. The amount accepted was less than 10% (7.5-9.5%) of the amount he artificially sought only a month earlier.

Id. at 8.

Plaintiff contends that accepting Defendants' Offer of Judgment for $5,000.00 does not equate to partial or limited success because he qualified his FLSA Statement of Claim by stating that he needed to conduct discovery in order to calculate the exact damages owed. See Reply [D.E. 52 at 7]; FLSA Statement of Claim [D.E. 10]. However, a simple computation yields the result that Plaintiff's "preliminary rough estimate" of his FLSA claim was in the range of $37,440.00 to $52,416.00. See FLSA Statement of Claim [D.E. 10 at 3]. Moreover, Plaintiff did not adjust his claim, and instead increased his total demand by potentially $15,000.00 when he added the Section 7434 claim in the Amended Complaint. Then, he quickly accepted the significantly lower amount of $5,000.00.

Therefore, the undersigned finds that Plaintiff's acceptance of Defendants' $5,000.00 Offer of Judgment constitutes partial success in this matter and merits the requested 30% reduction of the lodestar. See Brandt v. Magnificent Quality Florals Corp., No. 07-CV-20129, 2011 WL 4625379, at *12–14 (S.D. Fla. 2011) (reducing the lodestar by 70% because plaintiff achieved limited success when he settled his FLSA claim for $2,000.00 after asserting that his claim was valued at $56,160.00 in his Statement of Claim).

Applying the 30% reduction to the lodestar, the undersigned recommends that Plaintiff be awarded **$14,700.00** in attorney's fees.

 4. **Taxable Costs**

"The costs recoverable by prevailing plaintiffs in FLSA cases under [S]ection 216(b) are limited to those costs enumerated in 28 U.S.C. § 1920." Ramos v. United Floor Crew, Inc., No.

15-CV-22128, 2015 WL 6957423, at *2 (S.D. Fla. 2015) (quoting Williams v. R.W. Cannon, Inc., 657 F. Supp. 2d 1302, 1314 (S.D. Fla. 2009)).

28 U.S.C. § 1920 allows for the following costs to be recovered:

**(1)** Fees of the clerk and marshal;
**(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
**(3)** Fees and disbursements for printing and witnesses;
**(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
**(5)** Docket fees under section 1923 of this title;
**(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

As the prevailing party in this case, Plaintiff requests the following costs be awarded:

| Items | Amount ($) |
|---|---|
| Fees of the Clerk | 400.00 |
| Fees for service of summons and subpoena | 270.00 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | 495.00 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case | 375.00 |
| **Total** | **1,540.00** |

See Ex. A. to Plaintiff's Notice of Filing Amended Bill of Costs [D.E. 43-1].

Defendants object to the following costs:

(A) $45.00 out of the $270.00 incurred for service of summons and subpoena; and

(B) $375.00 incurred for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.

See Response [D.E. 48 at 9–10].

 A. *Fees for service of summons and subpoena*

Defendants do not contest Plaintiff's overall entitlement to costs associated with the service

of summonses and subpoenas. Defendants sole argument is that Plaintiff incurred $90.00 in costs for two attempts ($45.00 for each attempt) at service of a subpoena on non-party witness Klara Vyhidalova ("Ms. Vyhidalova") when service could have been achieved with one attempt at the address provided by Defendants. See Response [D.E. 48 at 9–10]. Plaintiff does not rebut Defendants' argument. Moreover, the undersigned finds that the attempt to serve Ms. Vyhidalova at an address not provided by Defendants was unreasonable. See O'Neal v. Altheimer & Gray, No. 99-CV-0976, 2002 WL 31109393, at *3 (N.D. Ill. 2002) ("subpoena service fees are taxable unless it is challenged as unreasonable or unnecessary.").

Accordingly, the undersigned recommends that Plaintiff recover a total of $225.00 incurred for fees for service of summons and subpoena, instead of $270.00.

> B. *Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case*

"Defendant may only recover photocopying costs if they were necessary for use in the litigation." TCC Air Servs., Inc. v. Schlesinger, No. 05-CV-80543, 2009 WL 565516, at *6 (S.D. Fla. Mar. 5, 2009) (citing McGregor v. Bd. of County Comm'rs for Palm Beach County, 130 F.R.D. 464, 465 (S.D.Fla.1990)). "If the prevailing party could have reasonably believed that the copies were necessary, then recovery should be granted." TCC Air Servs., Inc., 2009 WL 565516, at *6 (citing U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 623 (11th Cir. 2000)). "The prevailing party has the burden to produce sufficient evidence to show that it believed the copies were reasonably necessary." TCC Air Servs., Inc., 2009 WL 565516, at *6 (citing George v. GTE Directories Corp., 114 F. Supp. 2d 1281, 1299 (M.D. Fla. 2000)). "Unsubstantiated statements that the copies were necessary does not satisfy the burden." TCC Air Servs., Inc., 2009 WL 565516, at *6 (citing Cullens v. Georgia Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994)).

Plaintiff's description of this $375 item of costs is: "Photocopies of documents for use in

case; deposition exhibits; copies to opposing counsel and/or client (1,500 pages @ 0.25/page)." See Statement of Litigation Costs & Expenses [D.E. 42-1 at 12]. Defendants argue that Plaintiff's request should be denied because "Plaintiff's photocopying charge is not clear on its face to show that the copying of all 1500 pages was necessary, or whether they were made for the convenience of counsel[.]" See Response [D.E. 48 at 10].

Without additional evidence or detail, the undersigned is unable to determine whether the 1,500 pages of copies were necessary for use in litigation. See Aranda v. Jewish Cmty. Servs. of S. Fla., Inc., No. 05-CV-21142, 2007 WL 707384, at *2 (S.D. Fla. 2007) (denying the plaintiff's request for an award of its copying costs because the plaintiff's conclusory assertion that the "costs do not include copies produced for the convenience of counsel, but were necessarily obtained for use in this case . . . and are therefore recoverable" did not constitute sufficient evidence to support its claim) (alteration in original). Therefore, the undersigned recommends that the requested $375.00 be denied.

As a result, the undersigned recommends that Plaintiff's cost award be as follows:

| **Items** | **Amount ($)** |
|---|---|
| Fees of the Clerk | 400.00 |
| Fees for service of summons and subpoena | 225.00 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | 495.00 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case | 0.00 |
| **Total** | **1,120.00** |

## RECOMMENDATION

Based on the foregoing, the undersigned RESPECTFULLY RECOMMENDS that Plaintiff's Motion for Fees and Costs [D.E. 41 and 42] be GRANTED IN PART and DENIED IN

PART and that Plaintiff be awarded **$14,700.00** in attorney's fees and **$1,120.00** in costs for a total award of **$15,820.00**.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this <u>4th</u> day of September, 2020.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Jose E. Martinez
     Counsel of Record